IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTOINETTE M. PARKER** <br> 4560 Strutford Lane, Unit 1410 <br> Alexandria, VA   22311 <br><br> and <br><br> **JASON A. PARKER** <br> 4560 Strutford Lane, Unit 1410 <br> Alexandria, VA   22311 <br><br> Plaintiffs <br><br> vs. <br><br> **GEORGE E. HOLLAND** <br> 865 21st Street, N.E. <br> Washington, D.C.  20002-4134 <br><br> and <br><br> **McDONALD'S OF 2228 New York, 144, DC. INC.** <br> Serve:  Prentice-Hall Corporation <br>        System, Resident Agent <br>        1090 Vermont Avenue, N.W. <br>        Washington, D.C. 20005 <br><br> and <br><br> **McDONALD'S RESTAURANTS OF THE DISTRICT OF COLUMBIA, INC.** <br> Serve:  Prentice-Hall Corporation <br>        System, Resident Agent <br>        1090 Vermont Avenue, N.W. <br>        Washington, D.C. 20005 <br><br> and | Civil Action No.:_____ |

| | |
|---|---|
| **McDONALD'S USA, LLC** | * |
| Serve:  Corporation Service Company | * |
| Resident Agent | * |
| 1090 Vermont Avenue, N.W. | * |
| Washington, D.C.  20005 | * |
| | * |
| Defendants | * |

## COMPLAINT

PLAINTIFFS, Antoinette M. Parker and Jason A. Parker, by and through counsel, John P. Valente, III, Thomas V. Mike Miller, Jr., P.A., sues Defendants, George E. Holland and McDonald's of 2228 New York, 144, DC. Inc. and/or McDonald's Restaurants of the District of Columbia, Inc. and/or McDonald's USA, LLC, and in support states:

## PARTIES

1. That Plaintiff, Antoinette M. Parker, is an adult citizen of the United States and of the State of Maryland, and currently resides in Clinton, Prince George's County, Maryland.

2. That Plaintiff, Jason A. Parker, is an adult citizen of the United States and of the State of Maryland, and currently resides in Clinton, Prince George's County, Maryland.

3. That Plaintiffs, Antoinette M. Parker and Jason A. Parker (hereinafter Mr. & Mrs. Parker), are husband and wife and were married on April 1, 2002.

4. That Defendant, George E. Holland (hereinafter "Holland"), is a resident of Washington, D.C.

5. That Defendant, McDonald's of 2228 New York, 144, DC. Inc. (hereinafter "McDonald's), is a corporation licensed to do business in the District of Columbia and is doing business and operating a McDonald's Restaurant at 2228 New York Avenue, Washington, D.C.

6. That Defendant, McDonald's Restaurants of the District of Columbia, Inc. (hereinafter "McDonald's of DC"), is a corporation licensed to do business in the District of Columbia and is doing business and operating a McDonald's Restaurant at 2228 New York Avenue, Washington, D.C.

7. That Defendant, McDonald's USA, LLC (hereinafter "USA"), is a corporation licensed to do business in the District of Columbia and is doing business and operating a McDonald's Restaurant at 2228 New York Avenue, Washington, D.C.

## JURISDICTION AND VENUE

8. That this Honorable Court has jurisdiction over this case, pursuant to 28 USCS, Section 1332, as the matter in controversy exceeds the value of Seventy Five and 00/100 Dollars ($75,000), exclusive of interest and costs, and is between citizens of two (2) different states.

9. That the venue is proper before this Honorable Court, pursuant to 28 USCS, Section 1391, for Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA is a corporation licensed to do business and is doing business in the District of Columbia, Defendant Holland resides in the District of Columbia, and a substantial part of the events and omissions given rise to this claim occurred in the District of Columbia.

## STATEMENT OF FACTS

10. That on or about September 15, 2004, at approximately 9:30 p.m., the Plaintiffs, Mr. and Mrs. Parker, entered a McDonald's Restaurant owned by Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA located at 2228 New York Avenue in the District of Columbia, for the purpose of obtaining a meal.

11. That Plaintiffs, Mr. and Mrs. Parker, at all times relevant herein, were business invitees of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

12. That while Plaintiffs placed their order at the counter located inside the subject McDonald's Restaurant, Defendant Holland, who was working behind the counter, stopped working and stared at Plaintiff, Mrs. Parker, and subsequently began commenting( in a loud voice so that Plaintiffs, other business invitees and co-workers could hear him), how attractive he found Plaintiff, Mrs. Parker.

13. That Defendant Holland was not reprimanded and/or told to stop commenting on Plaintiff, Mrs. Parker, by any agent, servant and/or employee of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

14. That Plaintiffs, Mr. and Mrs. Parker, ignored Defendant Holland and proceeded to get their meal, sit down and eat.

15. That when Plaintiffs, Mr. and Mrs. Parker, finished their meal, Mr. Parker went to the counter where Plaintiffs initially ordered their meal and requested a refill on a drink.

16. That Plaintiff, Mrs. Parker, stood by an exit door inside the subject McDonald's restaurant while she waited for her husband to obtain a refill on his drink.

17. That Defendant Holland observed Mrs. Parker, Plaintiff, standing by the exit door inside the subject McDonald's Restaurant, whereupon he stopped working, came around the counter and approached Plaintiff, Mrs. Parker, and began staring at her in a sexual manner.

18. That Defendant Holland stopped behind Mrs. Parker, Plaintiff, and commented in a loud and profane manner how attractive he found Plaintiff, Mrs. Parker.

19. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, by and through its agents, servants and/or employees, made no effort to prevent Defendant Holland from approaching Plaintiff, Mrs. Parker, nor did Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, by and through its agents, servants and/or employees make any effort to stop Defendant Holland from loudly and profanely commenting on Mrs. Parker's appearance.

20. That upon hearing Defendant Holland's vulgar and offensive comments made to Mrs. Parker, Plaintiff, Mr. Parker, approached Defendant Holland and requested that he stop making such comments. Defendant Holland responded by telling Plaintiff, Mr. Parker, in a loud voice "Fuck you, nigger".

21. That Defendant Holland thereafter began to make loud, offensive, profane and threatening comments to Plaintiffs, Mr. and Mrs. Parker, while Plaintiffs were still inside the subject McDonald's restaurant.

22. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, by and through their agents, servants and/or employees, made no effort to stop or reprimand Defendant Holland from making such offensive, profane and threatening comments to Plaintiffs, Mr. and Mrs. Parker.

23. That Plaintiffs, Mr. and Mrs. Parker, subsequently exited the McDonald's restaurant and began walking down the steps of the restaurant towards their motor vehicle located in the parking lot owned by Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

24. That Defendant Holland followed Plaintiffs, Mr. and Mrs. Parker, outside the restaurant and continued screaming, cursing and threatening to harm Plaintiffs.

25. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, by and through its agents, servants and/or employees made no effort to prevent Defendant Holland from exiting the McDonald's restaurant and following Plaintiffs towards their motor vehicle.

26. That while on the steps of the subject McDonald's restaurant, owned by Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, Defendant Holland pulled out a nine (9) inch orange handled knife from underneath his

McDonald's uniform and stated "I'll cut you, nigger.  Fuck you, nigger.  I'll fuck you up." Defendant Holland subsequently swung the nine (9) inch knife at both Plaintiffs repeatedly, claiming he would kill them both.

27. That the nine (9) inch knife Defendant Holland threatened to used to kill Plaintiffs, Mr. and Mrs. Parker, was owned by Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

28. That Plaintiffs, Mr. and Mrs. Parker, frantically attempted to get to their motor vehicle and, at the same time, avoid Defendant Holland's repeated attempts to physically harm them with the knife Defendant Holland retrieved from under his McDonald's uniform.

29. That Defendant Holland was eventually restrained by an individual who came to the scene and stopped the attack of Defendant Holland on the Plaintiffs, Mr. and Mrs. Parker.

30. That at all times relevant herein, Defendant Holland was an agent, servant and/or employee of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

31. That at all times relevant herein, Defendant Holland's acts described above were conducted during the course of his employment with Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

## COUNT I
### (Assault)

32. That Plaintiff's repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 31 of this Complaint.

33. That Defendant Holland acted with the intent and capability to do bodily harm to Plaintiffs, Mr. and Mrs. Parker.

34. That Defendant Holland attempted to cause physical harm to Plaintiffs, Mr. and Mrs. Parker.

35. That Defendant Holland's conduct described above was perpetuated with actual malice.

36. That Defendant Holland's actions described above caused Plaintiffs, Mr. and Mrs. Parker, to be put in reasonable apprehension of imminent bodily harm.

37. That Plaintiffs, Mr. and Mrs. Parker, believed that Defendant Holland possessed the ability to cause bodily harm and even death.

38. That as a direct and proximate result of Defendant Holland's actions described

above, Plaintiff, Mrs. Parker, suffered and will continue to suffer mental anguish, emotional distress, humiliation, mental distress, disgrace and loss of dignity.

39. That as a further direct and proximate result of Defendant Holland's actions described above, Plaintiff, Mrs. Parker, has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, doctors, medical treatment, medications and other medical expenses to treat the aforementioned injuries to Plaintiff, Mrs. Parker.

40. That as a further direct and proximate result of the actions of Defendant Holland described above, Plaintiff, Mrs. Parker, was forced to lose time from her employment, suffered a loss wages, and suffered a permanent impairment of her wage earning capacity.

WHEREFORE, the Plaintiff, Antoinette M. Parker, seeks judgment against Defendant, George E. Holland, for the sum of Five Million and 00/100 Dollars ($5,000,000.00) compensatory damages, Ten Million and 00/100 Dollars ($10,000,000.00) punitive damages, plus interest and costs.

## COUNT II
**(Assault)**

41. That Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 40 of this Complaint.

42. That as a direct and proximate result of Defendant Holland's actions described above, Plaintiff, Mr. Parker, suffered and will continue to suffer mental anguish, emotional distress, humiliation, mental distress, disgrace and loss of dignity.

43. That as a direct and proximate result of Defendant Holland's actions described above, Plaintiff, Mr. Parker, has been forced to expend, and will continue to expend in the future, large sums of money for hospitalizations, doctors, medical treatment, medications and other medical expenses to treat the aforementioned injuries to Plaintiff, Mr. Parker.

44. That as a further direct and proximate result of the actions of Defendant Holland described above, Plaintiff, Mr. Parker, was forced to lose time from his employment, suffered a loss wages, and suffered a permanent impairment of his wage earning capacity.

WHEREFORE, the Plaintiff, Jason A. Parker, seeks judgment against Defendant, George E. Holland, for the sum of Five Million and 00/100 Dollars ($5,000,000.00) compensatory damages, Ten Million and 00/100 Dollars ($10,000,000.00) punitive damages, plus interest and costs.

## COUNT III
**(Intentional Infliction of Emotional Distress)**

45. That Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 44 of this Complaint.

46. That Defendant Holland's conduct described above was intentional, reckless, and in deliberate disregard of a high probability that emotional distress would result to Plaintiffs, Mr. and Mrs. Parker.

47. That the aforementioned conduct of Defendant Holland was extreme and outrageous and beyond the bounds of decency in society.

48. That the conduct of Defendant Holland described above was malicious, willful and perpetrated with actual malice.

49. That as a direct and proximate result of the conduct and actions of Defendant Holland described above, Plaintiff, Mrs. Parker, suffered, and will continue to suffer, severe and extreme emotional distress and all the injuries and damages alleged above.

WHEREFORE, the Plaintiff, Mrs. Parker, Antoinette M. Parker, seeks judgment against Defendant, George E. Holland, for the sum of Five Million and 00/100 Dollars ($5,000,000.00) compensatory damages, Ten Million and 00/100 Dollars ($10,000,000.00) punitive damages, plus interest and costs.

## COUNT IV
### (Intentional Infliction of Emotional Distress)

50. That Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 49 of this Complaint.

51. That as a direct and proximate result of the conduct and actions of Defendant Holland described above, Plaintiff, Mr. Parker, suffered, and will continue to suffer, severe and extreme emotional distress and all the injuries and damages alleged above.

WHEREFORE, the Plaintiff, Mr. Parker, Jason A. Parker, seeks judgment against Defendant, George E. Holland, for the sum of Five Million and 00/100 Dollars ($5,000,000.00) compensatory damages, Ten Million and 00/100 Dollars ($10,000,000.00) punitive damages, plus interest and costs.

## COUNT V
### (Vicarious Liability)

52. That Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 51 of this Complaint.

53. That all of Defendant Holland's actions described herein were conducted while

wearing a McDonald's uniform.

54. That the nine (9) inch knife with the orange handle used by Defendant Holland to attempt to physically harm Plaintiffs was owned by Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA and was obtained by Defendant Holland while working for Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

55. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA authorized Defendant Holland to use the nine (9) inch knife to aid in cooking.

56. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA knew or should have known that Defendant Holland's use of force was foreseeable and/or expectable given Defendant Holland's prior history of conduct.

57. That at all times relevant herein, Defendant Holland was an agent, servant and/or employee and was acting within the scope of his employment with Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

58. That as a direct and proximate result of the aforementioned actions of Defendant Holland and the vicarious liability of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, Plaintiff, Mrs. Parker, sustained all the injuries, economic damages and non-economic damages described above.

WHEREFORE, the Plaintiff, Antoinette M. Parker, seeks judgment against Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA for the sum of Five Million and 00/100 Dollars ($5,000,000.00) compensatory damages, Ten Million and 00/100 Dollars ($10,000,000.00) punitive damages, plus interest and costs.

## COUNT VI
### (Vicarious Liability)

59. That Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 58 of this Complaint.

60. That as a direct and proximate result of the aforementioned actions of Defendant Holland and the vicarious liability of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, Plaintiff, Mr. Parker, sustained all the injuries, economic damages and non-economic damages described above.

WHEREFORE, the Plaintiff, Jason A. Parker, seeks judgment against Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA for the sum of Five Million and 00/100 Dollars ($5,000,000.00) compensatory damages, Ten Million and 00/100 Dollars ($10,000,000.00) punitive damages, plus interest and costs.

## COUNT VII
**(Negligent Hiring)**

61.    That Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 62 of this Complaint.

62.    That Defendant Holland had a prior criminal record and had an outstanding warrant for his arrest for violating his probation at the time of the incident described herein and at the time he was hired by Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

63.    That Defendant Holland posed an unreasonable risk to those persons who would come into contact with him during his employment with Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA.

64.    That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA had a duty to hire/employ Defendant Holland who posed an unreasonable risk to others, including Plaintiffs, who would foreseeably come into contact with Defendant Holland because of the employment relationship between Defendants.

65.    That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA had a duty to do a background check on Defendant Holland prior to hiring Defendant Holland, hire employees who do not pose an unreasonable risk to others, and to hire employees in a non-negligent manner.

66.    That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA breached its aforementioned duties owed to Plaintiffs by failing to do a background check on Defendant Holland before employing him, employing Defendant Holland who at all times relevant herein posed an unreasonable risk to Plaintiffs, who were people who foreseeably would come into contact with Defendant Holland, and hiring Defendant Holland in a negligent manner.

67.    That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA was negligent in the hiring of Defendant Holland.

68.    That as a direct and proximate result of the negligent hiring of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, Plaintiff, Mrs. Parker, sustained all the injuries, economic damages and non-economic damages described above.

WHEREFORE, the Plaintiff, Antoinette M. Parker, seeks judgment against Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA for the sum of Five Million and 00/100 Dollars ($5,000,000), plus interest and costs.

## COUNT VIII
### (Negligent Hiring)

69. That Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 68 of this Complaint.

70. That as a direct and proximate result of the negligent hiring of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA, Plaintiff, Mr. Parker, sustained all the injuries, economic damages and non-economic damages described above.

WHEREFORE, the Plaintiff, Jason A. Parker, seeks judgment against Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA for the sum of Five Million and 00/100 Dollars ($5,000,000), plus interest and costs.

## COUNT IX
### (Negligent Supervision)

71. The Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 70 of this Complaint.

72. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA knew or had reason to know the likelihood that Defendant Holland's conduct described herein would result in an unreasonable risk of harm to Plaintiffs, Mr. and Mrs. Parker.

73. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA knew or had reason to know its employee, Defendant Holland, was behaving in a dangerous or otherwise incompetent manner at all times relevant herein.

74. That the agents, servants and/or employees of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA observed and heard Defendant Holland's conduct described herein, but failed to make any effort to stop Defendant Holland.

75. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA was armed with the actual or constructive knowledge of Defendant Holland's dangerous or otherwise incompetent behavior, but Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA failed to adequately supervise Defendant Holland.

76. That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA failed to maintain proper supervision over the actions of Defendant Holland and negligently allowed Defendant Holland to verbally and physically attack Plaintiffs as described herein.

77.  That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA failed to maintain proper supervision over the nine (9) inch knife that Defendant Holland used to attempt to physically harm and kill Plaintiffs, Mr. and Mrs. Parker.

78.  That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA negligently entrusted the subject nine (9) inch knife to Defendant Holland, who Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA knew or should have known posed an unreasonable risk to its customers.

79.  That Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA had actual knowledge of the conduct of Defendant Holland described herein and consciously and/or deliberately disregarded the foreseeable harm to Plaintiffs resulting from the aforementioned conduct of Defendant Holland.

80.  That as a direct and proximate result of the negligent supervision of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA described herein, Plaintiff, Mrs. Parker, sustained all the injuries, economic damages and non-economic damages described above.

WHEREFORE, the Plaintiff, Antoinette M. Parker, seeks judgment against Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA for the sum of Five Million and 00/100 Dollars ($5,000,000.00) compensatory damages, plus interest and costs.

## COUNT X
### (Negligent Supervision)

81.  The Plaintiffs repeat and reallege as set forth fully herein the allegations contained in paragraphs 1 through 80 of this Complaint.

82.  That as a direct and proximate result of the negligent supervision of Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA described herein, Plaintiff, Mr. Parker, sustained all the injuries, economic damages and non-economic damages described above.

WHEREFORE, the Plaintiff, Jason A. Parker, seeks judgment against Defendant McDonald's and/or Defendant McDonald's of DC and/or Defendant USA for the sum of Five Million and 00/100 Dollars ($5,000,000.00) compensatory damages, plus interest and costs.

Respectfully submitted:

THOMAS V. MIKE MILLER, JR., P.A.

_____
John P. Valente, III
Federal Bar #: 22233
8808 Old Branch Avenue
P.O. Box 219
Clinton, Maryland 20735
(301) 856-3030
Counsel for Plaintiffs

### JURY DEMAND

Plaintiffs pray for a trial by jury in the above-captioned matter.

_____
John P. Valente, III