## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTOINETTE M. PARKER, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:05-cv-01782-DAR |
| | * | |
| GEORGE E. HOLLAND, et al., | * | |
| | * | |
| Defendants. | * | |

### DEFENDANT RARDIN ENTERPRISES' MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, Rardin Enterprises, LLC, by and through counsel pursuant to Rule 56 of the Federal Rules of Civil Procedure, and files this Motion for Summary Judgment on the grounds that it is not liable for the acts of Defendant Holland as he was not acting within the scope of his employment during the incident alleged by Plaintiffs.

In support of its Motion, Defendant respectfully refers the Court to it accompanying Memorandum of Points and Authorities.


Respectfully Submitted,



_____/s/ D'Ana E. Johnson_____
D'Ana E. Johnson, Esquire (#927913)
1233 20th Street, NW, Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)
**Counsel for Defendant Rardin Enterprises, LLC**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTOINETTE M. PARKER, et al.,       *
                                *

         Plaintiffs,           *
                                *

            v.               *      Civil Action No. 1:05-cv-01782-DAR
                                *

GEORGE E. HOLLAND, et al.,         *
                                *

         Defendants.       *

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RARDIN ENTERPRISES LLC'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiffs Antoinette and Jason Parker have brought suit against George Holland and

Rardin Enterprises, LLC (hereinafter "Rardin Enterprises"), Mr. Holland's employer at the time,

for an incident which allegedly occurred the evening of September 15, 2004.  Plaintiffs allege

that Defendant George Holland threatened and attacked them as they tried to leave a McDonald's

restaurant located at 2228 New York Avenue, Washington, DC.

Plaintiffs brought suit in Federal Court pursuant to 28 U.S.C. §1332, on the basis of

diversity jurisdiction.  They allege that Rardin Enterprises, LLC is liable to them on the grounds

of Vicarious Liability (Counts V and VI) for the actions of its employee, George Holland while

in the scope of his employment.  Plaintiffs also allege Rardin Enterprises, LLC is liable for

Negligent Hiring (Counts VII and VIII) and Negligent Supervision (Counts IX and X) of

Defendant Holland.

## STATEMENT OF UNDISPUTED FACTS

For the purposes of this Motion for Summary Judgment, the following facts are undisputed:

On the evening of September 15, 2004, Plaintiffs Antoinette and Jason Parker entered a McDonald's restaurant owned and operated by Rardin Enterprises LLC at around 9:30 p.m. (Amended Complaint ¶ 8.) They placed their order at the counter and at that time heard Mr. Holland, an employee of Defendant comment in a loud voice how attractive he found Ms. Parker. (Amended Complaint ¶ 10.) Mr. Holland was working in the grill area of the restaurant at the time. (See Attached Exhibit A, Deposition of Julia Carter, March 12, 2007, at 13, ll. 24-25, p. 14, ll. 1-5.) When the Plaintiffs were ready to leave the restaurant, Plaintiffs allege that Mr. Holland stopped working, left his position in the grill area of the restaurant behind the counter and approached Ms. Parker and commented "in a loud and profane manner" how attractive he found Ms. Parker (Amended Complaint ¶ 17.) Mr. Parker then approached Mr. Holland and told him to stop making such comments. (Amended Complaint ¶18.) Mr. Holland then responded with profanity. (Amended Complaint ¶ 19.)

Plaintiffs then allege they left the restaurant and Mr. Holland followed them outside the restaurant and then pulled a "nine (9) inch orange handled knife" from underneath his uniform and swung it at Plaintiffs claiming he would kill them both. (Amended Complaint ¶24.)

Plaintiffs do not allege they sustained physical injury but claim they have suffered "mental anguish, emotional distress, humiliation, mental distress, disgrace and loss of dignity." (Amended Complaint ¶36.)

At the time of the incident the McDonald's restaurant had a zero tolerance policy with regard to employees making rude and offensive comments to customers. (See Attached Exhibit B

176937-1

– Policies of Rardin Enterprises)  At the time of the incident the McDonald's restaurant had a

zero tolerance policy towards sexual harassment. (See Attached Exhibit B – Policies of Rardin

Enterprises.)  The McDonald's restaurant had no knives on the premises of the restaurant (See

Attached Exhibit C, Deposition David Rardin, March 12, 2007 at 28, ll. 21-25, p. 29, ll. 1-24;

Ex. A at.14, ll. 16-25; Attached Exhibit D, Deposition of George Holland, March 12, 2007 at 36,

l. 25, p. 37, ll. 1-17) and no knife fitting the description given by the Plaintiffs was ever found on

Mr. Holland's person or at the restaurant on the night of the incident.  (See Attached Exhibit E,

Deposition of Detective Michael White, March 12, 2007, at.30, ll. 11-12.)

   Mr. Holland had worked at various McDonald's restaurants on and off for a number of

years (Ex. D at 18-21.)  He had been employed by Rardin Enterprises for the two years prior to

this incident.  (Ex. A at 34, ll. 22-25.)  Rardin Enterprises was unaware of any incident with a

customer before this incident (Ex. A at.25, ll 1-15.)  Mr. Holland had never been found with a

knife on him or been involved in any altercation prior to this incident. (Ex. D at 98, ll. 17-25.)

   After this incident, Mr. Holland did not return to work at the restaurant while it was

owned by Rardin Enterprises, LLC. (Ex. C at 66, ll. 1-11.)  Rardin Enterprises, LLC

subsequently sold this restaurant in December 2004 (Ex. C, at. 7, ll. 2-7.)


## ARGUMENT

   Plaintiffs have failed to make a prima facie case against Rardin Enterprises on the Counts

of Vicarious Liability and Negligent Hiring, and therefore summary judgment should be granted

in favor of Rardin Enterprises LLC.

176937-1

A. __Standard for Summary Judgment__

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 211, 106 S. Ct. 2505, 2510 (1986). A dispute over a material fact is genuine when, upon review of the evidence, a reasonable jury could find for the nonmovant. *Id.*. Thus, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* Courts look at the substantive law on each claim to determine which facts are "material." *Mirant Corp.,* 251 F. Supp. 2d. at 147, *citing, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

To survive a motion for summary judgment, the nonmovant must make a "sufficient showing to establish the existence of an element essential to that party's case." *Celotex Corp.,* 477 U.S. at 322, 91 L. Ed. 2d at 273, 106 S. Ct. at 2552. More specifically, to survive an adverse Rule 56 motion, the nonmoving party must have established a prima facie case. *Harding v. Gray,* 9 F.3d 150, 154 (D.C. Cir. 1993).

B. __Defendant Holland's Conduct Was Clearly Not Within the Scope of His Employment.__

Defendant Rardin Enterprises does not dispute that at the time of the incident, Mr. Holland was an employee of Rardin Enterprises. However, Defendant Rardin is not liable to

176937-1

Plaintiffs in this matter under the doctrine of *respondeat superior* because Mr. Holland's

conduct, as alleged by the Plaintiffs, was clearly not within the scope of his employment.

"Scope of employment questions are governed by the law of the place where the

employment relationship exists." *Kimbro v. Velten* 30 F.3d 1501, 1506 (D.C. Cir. 1994).

Therefore District of Columbia law informs this Court's inquiry into whether Mr. Holland was

acting within the scope of his employment at the time of the incident.

"Under the doctrine of *respondeat superior*, an employer may be held liable for the acts

of his employees commited within the scope of their employment." *Boykin v. District of*

*Columbia,* 484 A.2d 560, 561 (D.C. 1984.)  Although, as a general rule, the question or whether

an employee is acting within the scope of his employment is a question of fact for the jury, it

becomes a question of law for the Court "if there is not sufficient evidence from which a

reasonable juror could conclude that the action was within the scope of the employment. *Brown*

*v. Argenbright Security, Inc.*, 782 A.2d 752 (D.C. 2001) (*citing Boykin v. District of Columbia*,

484 A.2d at 561).  "[W]hen all reasonable triers of fact must conclude that the servant's act was

independent of the master's business, and solely for the servant's personal benefit, then the issue

becomes a question of law." *Penn Cent. Transp. Co. v. Reddick*, 398 A.2d 27, 32 (D.C. 1979)

In determining whether an action of an employee was within the scope of his

employment, the D.C. Court of Appeals has quoted with approval the Restatement (Second) of

Agency, Section 228 (1958) which states:

> (1) Conduct of a servant is within the scope of employment, if, but only
> if:
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master; and
> (d) if force is intentionally used by the servant against another, the use
> of force is not unexpectable by the master.

(2) Conduct of a servant is not within the scope of employment if it is different in kind from the authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

The Restatement further states "[a]n act of a servant is not within the scope of employment if it is done with no intention to perform it as part of or incident to a service on account of which he is employed." (Restatement of Agency §235.)

The D.C. Court of Appeals has stated "[t]he employer will not be held liable for those willful acts, intended by the agent only to further his own interest, not done for the employer at all." *Schecter v. Merchants Home Delivery, Inc.*, 892 A.2d 415, 428 (D.C. 2006) citations omitted. "The key inquiry is the employee's intent at the moment the tort occurred." *Majano v. U.S.*, 469 F.3d 138, 142 (C.A. D.C. 2006).

Plaintiffs' Amended Complaint asserts that Rardin Enterprises should be held liable under the doctrine of *respondeat superior* because Mr. Holland's actions were conducted while wearing a McDonald's uniform (Amended Complaint ¶ 51) and the knife Mr. Holland allegedly brandished at Plaintiffs was "owned by Defendant Rardin" (Amended Complaint ¶ 52) and "Defendant Rardin authorized Defendant Holland to use the nine (9) inch knife to aid in cooking." (Amended Complaint ¶ 53.) However, these allegations are not supported by the evidence in this case, and further, even if they were true, these allegations are insufficient under the case law to sustain a finding of liability due to *respondeat superior*.

Simply because Mr. Holland was wearing a McDonald's uniform at the time of the incident, is not grounds for making a determination he was acting in the scope of his employment. Indeed, the case law has focused on questions regarding the intent of the employee at the time of the incident rather than his uniform. *See generally Majano v. U.S.*, 469 F.3d 138, 142 (C.A. D.C. 2006).

176937-1

The testimony in this case has been uncontroverted that the McDonald's restaurant where Mr. Holland worked kept no knives on the premises in the food preparation area. The restaurant handed out plastic knives with salad orders, but there were no knives used at all in the restaurant by employees. (See Ex. C at. 28, ll. 21-25, p. 29 ll. 1-24; Ex. A at. 14, ll. 16-25; Ex. D, at 36, l. 25, p. 37, ll. 1-17.) Discovery in this matter is closed and there is no evidence whatsoever to support Plaintiffs' allegations that the knife Mr. Holland allegedly brandished at the Plaintiffs was owned by Defendant Rardin, or that such a knife was kept at the restaurant. Therefore, if, for purposes of this argument, we believe Mr. Holland actually had a knife, it could not have come from the McDonald's restaurant.

Defendant's restaurant policies clearly stated that abusive or threatening behavior towards a customer was prohibited. (Ex. D at. 14, ll. 3-6.) At the time of the incident Mr. Holland knew that if he pushed or punched a customer it was grounds for termination. (Ex. D, at 14, ll. 21-24.) At the time of the incident, if an employee possessed a weapon on the premises of the restaurant, it was grounds for termination. (Ex. D at. 13, ll. 21-24.) Mr. Holland knew that if he had a weapon on the premises of the McDonald's restaurant, he would be terminated. (Ex. D at 14, ll. 17-20.) This further supports Defendant's contention that Mr. Holland was acting outside the scope of his employment. Any of the actions alleged by the Plaintiffs was grounds for termination, and Mr. Holland was well aware of that. Any action Mr. Holland took in direct contravention to the restaurant policies was one he personally took for his own personal gains and knowingly acted against his employer's interests. *See Schecter v. Merchants Home Delivery, Inc.*, 892 A.2d 415, 428 (D.C. 2006) (citations omitted.)

If we further examine Mr. Holland's alleged actions within the context of the caselaw, it is clear that as a matter of law, his conduct is outside the scope of his employment. As the Court

176937-1

of Appeals held in *Jordan v. Medley*, 711 F.2d 211, 216 (C. A. DC 1983), "the outrageous

quality of an employe's (sic) act may well be persuasive in considering whether his motivation

was purely personal." *Id.* (citations omitted.)

Mr. Holland left his position in the grill area behind the restaurant counter, approached

Ms. Parker and allegedly began making extremely offensive comments about her appearance.

When her husband asked him to stop, Mr. Holland allegedly became profane, threatened both of

them, and then followed them from the restaurant with a knife, threatening to kill them. Under

no circumstances could this situation be interpreted as being within the scope of his employment.

Within the context of Section 228 of the Restatement, Mr. Holland's actions were not of the kind

he was employed to perform. Mr. Holland's position was in the grill, behind the counter, making

food. He was not an employee who had any interaction with customers. (See Ex. A. at 13, ll.

24-25, p. 14, ll. 1-5.) Although the occurrence took place while Mr. Holland was on duty, his

approach and comments to Ms. Parker and his subsequent confrontation with Mr. Parker were

not motivated by any purpose to serve his employer. Rather, it was solely for Mr. Holland's

personal gain and to further his personal interests. *See Hechinger Co. v. Johnson*, 761 A.2d 15,

24 (D.C. 2000). Certainly the outrageous behavior alleged, of a McDonald's grill employee

pulling a knife on a customer, in no way was meant to further the business of the restaurant.

This is not a situation where the incident arose over an issue with a food order, or a complaint

over food preparation. Rather, it was independently motivated by Mr. Holland's alleged

attraction to Ms. Parker. *See Boykin v. District of Columbia*, 484 A.2d 560, 564 (teacher's

sexual assault of a student "was utterly without relation to the service which he was employed to

render" and as a matter of law, outside the scope of his employment.) The alleged assault did not

grow out of a job-related controversy. *See Johnson*, 761 A.2d at 25 (store clerk who assaulted

customer after a dispute over wood scraps was acting within the scope of his employment as incident arose out of job-related controversy.) *See also, Weinberg v. Johnson*, 518 A.2d 985 (D.C. 1986) (laundromat employee who shot customer over dispute about clothes being removed from the drier was appropriately found by jury to be within the scope of his employment because shooting was intended in part to further master's interest.)

Based on the facts taken in the light most favorable to the Plaintiff, this Court, must as a matter of law, find that Mr. Holland was not acting within the scope of his employment during the alleged assault of the Plaintiffs.

### C.    There is no Evidence of Negligent Hiring of Mr. Holland.

Plaintiffs allege that Defendant Rardin Enterprises should be held liable for Negligent Hiring of Mr. Holland because he had a "prior criminal record and had an outstanding warrant for his arrest for violating his probation at the time of the incident, and at the time he was hired by Defendant Rardin." (Amended Complaint ¶60.) Plaintiffs also allege that Defendant Rardin was negligent for failing to perform a background check on Mr. Holland at the time of his hire. David Rardin testified in his deposition that they inquire into the criminal history of each applicant, but do not perform an independent background check for applicants. He also testified that his company would have hired, on average, between 70 and 80 people a year at the single New York Avenue restaurant. (Ex. C at 57, ll. 12-25; p. 58, ll. 3-14.) Discovery is closed in this matter. Plaintiffs have no expert witness to provide any testimony about the standard for employee hiring in the quick service food industry, whether any other quick service restaurants conduct background checks or prospective employees, or whether any investigation is done beyond those measures taken by Defendant Rardin Enterprises. Without any support for their contention that Rardin Enterprises should have conducted a background check, such an

allegation cannot be considered in a claim for negligent hiring. (*See e.g. Kotsch v. District of Columbia*, 924 A.2d 1040 (D.C. 2007.)

      At the time of the incident, Rardin Enterprises had an employment application that all job applicants were to fill out. The application asked for the applicant to state whether during the past seven years, he or she has been convicted or charged with any crime other than misdemeanors or minor traffic violations. (Ex. C, at.49, ll. 6-14.) This question was asked of Mr. Holland, and he replied no. Mr. Holland also believed that based on his criminal history, he was being truthful when he answered that question in the negative. (Ex. D at 54-55, ll. 24-25, 1-8.) While Mr. Holland testified that he knew the woman who hired him at the restaurant in 2002, Sulema Atkins, he also testified she had no knowledge of any arrest for assault in his background (Ex. D at.91, ll. 8-11.)

      Mr. Holland worked at the McDonald's restaurant where the incident occurred from 2002 until September 15, 2004. During that time, Rardin Enterprises was not aware of any incidents with any customers, and no incidents that indicated he was capable of the actions he allegedly committed on that night. (See Exhibit A at 34, ll. 22-25.)

      A claim for negligent hiring is not based on *respondeat superior*, but rather on proof of negligence on the part of the employer itself. *Schecter v. Merchants Home Delivery*, 892 A.2d 415, 431 (D.C. 2006) (citations omitted.)

      D.C. Courts have also looked to the Restatement of Agency, § 213 et seq. in discussing claims of negligent hiring. Section 213(d) states in relevant part:

> The principal may be negligent because he has reason to know that the servant or other agent, because of his qualities, is likely to harm others in view of the work or instrumentalities entrusted to him. If the dangerous quality of the agent causes harm, the principal may be liable under the rule that one initiating conduct having an undue tendency to cause harm is liable therefore.

176937-1

. . . .An agent, although competent otherwise, may be incompetent because of his reckless or vicious disposition, and if a principal, without exercising due care in selection, employs a vicious person to do an act which necessarily brings him in contact with others while in the performance of duty, he is subject to liability for harm caused by the vicious propensity. . .

One who employs another to act for him is not liable under the rule stated in this Section merely because the one employed is incompetent, vicious, or careless. *If liability results it is because, under the circumstances, the employer has not taken the care which a prudent man would take in selecting the person for the business in hand. What precautions must be taken depend on the situation.* One may normally assume that another who offers to perform simple work is competent. If, however, the work is likely to subject third persons to serious risk of great harm, there is a special duty of investigation.

Liability results under the rule stated in this Section, not because of the relationship between the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment. The employer is subject to liability only for such harm as is within the risk. If, therefore, the risk exists because of the quality of the employee, there is liability only to the extent that the harm is caused by the quality of the employee which the employer had reason to suppose would be likely to cause harm.

Restatement of Agency §213(d) (emphasis added.)

The Restatement, and case law makes clear that whether an employer is liable for negligent hiring depends upon the circumstances and the situation. Because the Plaintiffs cannot present any evidence that the actions taken by Defendant Rardin Enterprises in their hiring of Mr. Holland are outside the norm for or violated the standard for hiring employees in the quick service industry, there is no admissible evidence that Defendants violated an industry standard by not performing a background check. Therefore, no argument can be sustained that Defendant Rardin Enterprises did not take the care "which a prudent man would taken" under the circumstances. Mr. Holland reported that he had not been convicted of a crime within the seven years prior to the date of application. He also believed he was answering that question truthfully. (Ex. D at. 54-55, ll. 24-25, 1-8.) Mr. Holland's behavior while on duty from the date of his hire to the date of the incident, did not give anyone at the restaurant an indication that he had

176937-1

dangerous propensities. There is simply no admissible evidence before this court to support Plaintiffs' claim for negligent hiring.

## CONCLUSION

The evidence in the record is overwhelming in support of Defendant Rardin Enterprises LLC's contention that Mr. Holland was acting outside the scope of his employment at the time of the alleged incident with the Plaintiffs. Further, there is no evidence to support Plaintiffs' claims of Negligent Hiring.

WHEREFORE, Defendant Rardin Enterprises, LLC respectfully requests this Honorable Court enter an Order granting Partial Summary Judgment in favor of Rardin Enterprises, LLC, on Counts V, VI, VII, and VIII of Plaintiff's Amended Complaint.

Dated this 29th Day of August, 2007.

Respectfully Submitted,

_____/s/ D'Ana E. Johnson_____
D'Ana E. Johnson, Esquire (  #927913)
1233 20th Street, NW, Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)
**Counsel for Defendants**
**Rardin Enterprises, LLC**

176937-1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Summarry Judgment, was sent this 29th Day of August, 2007, via electronic filing and U.S. Mail, postage pre-paid, to:

John P. Valente, III
8808 Old Branch Avenue
P.O. Box 219
Clinton, Maryland 20735

_____ /s/ D'Ana E. Johnson
D'Ana E. Johnson (#927913)

176937-1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINETTE M. PARKER, et al.,          *
                                       *
          Plaintiffs,                  *
                                       *
          v.                           *          Civil Action No. 1:05-cv-01782-DAR
                                       *
GEORGE E. HOLLAND, et al.,             *
                                       *
          Defendants.                  *

## ORDER

Upon consideration of the Defendant Rardin Enterprises, LLC's Motion for Summary

Judgment and any opposition thereto, it is this _____ day of _____, 2007,

ORDERED, that Defendant's Motion for Summary Judgment is GRANTED as to Counts

V, VI, VII and VIII of Plaintiffs' Amended Complaint..


_____
            Deborah A. Robinson
         United States Magistrate Judge

15

176937-1