**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTOINETTE M. PARKER, *et al.* | * |
| | * |
| Plaintiffs | * |
| | * |
| vs. | * Civil Case No.: **1:05 CV 1782** |
| | * |
| GEORGE E. HOLLAND, *et al.* | * |
| | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' OPPOSITION TO DEFENDANT RARDIN ENTERPRISE'S**
**MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiffs, Antoinette and Jason Parker, by and through their

counsel, John P. Valente, III, Thomas V. Mike Miller, Jr. P.A., who files this Opposition to

Defendant Rardin's Motion for Summary Judgment.

As grounds in support thereof, Plaintiffs respectfully refers this Honorable Court to the

accompanying Memorandum of Points and Authorities in Opposition to Defendant Rardin's

Motion for Summary Judgment.

Respectfully submitted,

THOMAS V. MIKE MILLER, JR., P.A.

John P. Valente, III (ID #: 22233)
8808 Old Branch Avenue
P.O. Box 219
Clinton, Maryland 20735
(301) 856-3030
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTOINETTE M. PARKER, *et al.* | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| vs. | * | Civil Case No.: **1:05 CV 1782** |
| | * | |
| GEORGE E. HOLLAND, *et al.* | * | |
| | * | |
| Defendants | * | |

*********************************************************************

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT RARDIN ENTERPRISES LLC'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

On or about September 15, 2004, Plaintiffs, Antoinette and Jason Parker (hereinafter "Plaintiffs"), entered the McDonald's restaurant located at 2228 New York Avenue, Washington, DC, which at the time, was owned by Defendant, Rardin Enterprises, LLC (hereinafter "Defendant Rardin"), for the purpose of obtaining a meal. Shortly thereafter, Defendant, George Holland (hereinafter "Defendant Holland"), an employee of Rardin Enterprises, LLC, made loud and profane comments to Plaintiffs, threatened their lives and assaulted them with a nine (9) inch, orange-handled knife, which he pulled out from underneath his McDonald's uniform.

Plaintiffs filed suit in Federal Court pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the value of Seventy Five Thousand and 00/100 Dollars ($75,000.00) and is between citizens of two (2) different states. Plaintiffs allege Defendant Rardin is liable to Plaintiffs on the grounds of Negligent Hiring, Negligent Supervision and Vicarious Liability because of the conduct of their employee, Defendant Holland, and the circumstances

surrounding his attack on the Plaintiffs. Defendant Rardin has filed this Motion for Summary Judgment regarding Plaintiff's claims of vicarious liability and negligent hiring. Defendant Rardin has not filed a Motion for Summary Judgment as to Plaintiffs' claim of negligent supervision.

## STATEMENT OF GENUINE ISSUES

The following represents all material facts which Plaintiffs contend are at genuine issue and, therefore, Defendant Rardin's Motion for Summary Judgment much be denied:

Plaintiffs entered the McDonald's restaurant owned and operated by Defendant Rardin on September 15, 2004, and proceeded to the counter to place their food order, at which time Defendant Holland began staring at Plaintiff, Antoinette Parker, in a sexual and offensive manner. (Deposition of Antionette Parker, pages 10-11; Deposition of Jason Parker, pages 23-26). While Plaintiffs were at the counter ordering food, Defendant Holland commented on how attractive he found Mrs. Parker. (Deposition of Antoinette Parker, pages 10-12; Deposition of Jason Parker, pages 24-28; Deposition of George Holland, pages 67-70). Defendant Holland was dressed in his McDonald's uniform and working under the supervision of swing manager Julia Carter when the incident occurred. (Deposition of Julia Carter, page 8, lines 1-25, page 13, lines 1-23). Including swing manager, Julia Carter, several other Rardin Enterprises, LLC, employees were present and heard Defendant Holland's loud and profane commentary regarding Mrs. Parker's physique. (Deposition of George Holland, pages 67-68; Deposition of Jason Parker, pages 23-24). However, these employees of Defendant Rardin failed to make any attempt to stop Defendant Holland's use of loud, profane and inappropriate language towards the Plaintiffs, who were business invitees of Rardin Enterprises, LLC, at the time of the

incident. (Deposition of Jason Parker, page 22, lines 14-22, pages 26-33, pages 35-45; Deposition of Antionette Parker, page 10, lines 4-6, pages 14-22).

After Defendant Holland's initial verbal assault on Plaintiff, Antoinette Parker, Plaintiffs went to the lobby and sat down at a table to eat their meal, at the conclusion of which Mrs. Parker walked over to the doors of the restaurant while she waited for her husband, who went back to the counter to have his drink refilled.(Deposition of Antionette Parker, pages 14-15; Deposition of Jason Parker, pages 35, 37-38 ). According to Defendant Holland, it was at this time that he was instructed by swing manager, Julia Carter, to lock the doors and stand at the doors until Plaintiffs and another patron exited the restaurant. (Deposition of George Holland, page 75, lines 1-10). Defendant Holland walked from behind the counter and past several other McDonald's employees as well as the swing manager, Julia Carter, to reach the doors he was instructed to lock; the same doors Mrs. Parker was standing near while waiting for her husband. (Deposition of Jason Parker pages 39-40; Deposition of Antionette Parker pages 14-16; Deposition of George Holland page 75, lines 1-10).

While walking towards the doors Mrs. Parker was standing at, Defendant Holland commented to another patron on Mrs. Parker's physique in a voice loud enough for others to hear. (Deposition of Jason Parker, page 41, lines 1-22; Deposition of George Holland, pages 76-77). Upon hearing the offensive comments towards his wife, Plaintiff, Jason Parker, requested of Defendant Holland to stop with the lewd and offensive comments towards his wife. (Deposition of Jason Parker pages 37-40). A loud verbal exchange took place between Mr. Parker and Defendant Holland, during which time Defendant Holland made comments towards Mr. Parker, such as " fuck you. You don't know where you at. I can say whatever the fuck I want to say". (Deposition of Jason Parker, page 47, lines 8-10). This verbal altercation

took place approximately 5-6 feet away from the counter where swing manager, Julia Carter, and several other Rardin Enterprises, LLC, employees were located (Deposition of George Holland, pages 78-79 and 82; Deposition of Jason Parker, pages 36-39); however, the Rardin employees failed to do anything to stop Defendant Holland. (Deposition of Jason Parker, pages 47-57).

According to Plaintiffs, when they attempted to leave the restaurant, Defendant Holland began threatening them. (Deposition of Jason Parker, page 48). Defendant Holland actually pulled out a knife from underneath his McDonald's uniform and threatened to kill Plaintiffs. (Deposition of Jason Parker, page 52, lines 1-22). Plaintiffs subsequently attempted to exit the restaurant to the parking lot where their car was parked, during which time Defendant Holland attempted to stab Plaintiffs with the knife. (Deposition of Jason Parker, pages 53-56; and Deposition of Antoinette Parker, pages 19-22). Fortunately, Plaintiffs were able to avoid being stabbed by Defendant Holland while inside the restaurant and made it to the parking lot. (Deposition of Antionette Parker, pages 21-23). Once in the parking lot, Plaintiffs entered their vehicle and immediately called police. (Deposition of Jason Parker, pages 67-69; Deposition of Antoinette Parker, page 24, lines 3-4; Deposition of George Holland, page 87, lines 10-25). The Police arrived on the scene, began their investigation and arrested Defendant Holland after discovering that he had an outstanding warrant for his arrest, stemming from several incidences of domestic violence with his common law wife . (Deposition of George Holland, pages 44-45).

Defendant Holland has testified to a different version of what happened; however, even his testimony confirms he assaulted and battered the Plaintiffs in the McDonald's Restaurant. Specifically, Defendant Holland testified that when Plaintiffs attempted to exit the restaurant,

he unlocked the door and pushed it open for Plaintiffs. (Deposition of Defendant Holland, page 77, lines 15-17). As Plaintiffs were attempting to pass through the doors, Defendant Holland shoved Mr. Parker in the chest and used the palm of his hand to "smoosh" Mr. Parker in the face. (Deposition of Defendant Holland, pages 79-80). All of this incurred inside the McDonald's Restaurant owned and operated by Defendant Rardin. (Deposition of Jason Parker, page 55, lines 19-21 and pages 56-57).

After serving ninety (90) days in jail for violation of his probation, Store Manager David Claybrooks allowed Defendant Holland to return as an employee of the McDonald's, owned and operated by Rardin Enterprises, LLC. (Deposition of George Holland, pages 93-94).

Prior to the subject incident with the Plaintiffs, Defendant Holland was reprimanded by swing manager, Julia Carter, for making similar inappropriate, lewd comments about another female customer's physique. (Deposition of George Holland, page 98, lines 10-13).

Defendant Holland was hired by Sulema Atkins on August 9, 2002. (Deposition of George Holland, page 90, lines 21-24). Defendant Holland had a personal relationship with Ms. Atkins prior to her hiring him to work as an employee of Rardin Enterprises, LLC. (Deposition of George Holland, pages 90-92). Ms. Atkins was friends with Defendant Holland's sisters and had spent time with him socially prior to the incident on September 15, 2004. (Deposition of George Holland, pages 90-92). Defendant Holland's sister used to work as a Store Manager for the same McDonald's restaurant where this incident took place. (Deposition of George Holland, page 10, line 11). Defendant Holland admitted that, prior to the subject incident, he was involved in 20-25 incidents of domestic violence with Sabrina Niblett, his common-law wife, which Ms. Atkins presumably knew or should have known,

given her relationship with Defendant Holland and his family. (Deposition of George Holland pages 42-48 and pages 55-56, pages 91-92).

## ARGUMENT

Plaintiffs have presented a prima facie case against Defendant Rardin on the grounds of vicarious liability and negligent hiring, such that a reasonable jury could find in favor of Plaintiffs, Antoinette and Jason Parker. Therefore, Defendant Rardin's Motion for Summary Judgment must be DENIED.

### A. Standard for Summary Judgment

Defendant, Rardin Enterprises, LLC, accurately articulates the standards applicable to Motions for Summary Judgment in the District of Columbia. Federal Rule of Civil Procedure 56 states that a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 91 L.Ed. 2d 202, 211, 106 S Ct 2505, 2510(1986). The Court in Anderson explained that a dispute over a material fact is genuine when, upon review of the evidence, a reasonable jury could find for the nonmovant. *Id.* It is clear from the statement of genuine issues above, that Plaintiffs have identified several material facts that are in dispute. Furthermore, Plaintiffs have presented sufficient evidence to allow a reasonable jury to find that Defendant Rardin is liable to Plaintiffs on the grounds of negligent hiring and vicarious liability.

### B. Defendant Holland's Conduct Was Clearly Within the Scope of His Employment, and therefore, Defendant Rardin is Vicariously Liable for the Acts of Defendant Holland.

Defendant Rardin does no dispute that at the time of incident, Defendant Holland was

working as an employee of Rardin Enterprises, LLC. (Defendant Rardin Answer to Interrogatory No. 10). Defendant Holland was working as a cook and assigned to the grill area, which is located just behind the counter where customers order food. (Deposition of Antionette Parker, pages 10-11). When the Plaintiffs entered Defendant Rardin's restaurant, swing manager, Julia Carter, was acting as a cashier at the counter, there was a manger in training behind the counter, and Defendant Holland was in the grill area along with several other Rardin Enterprises, LLC, employees. (Deposition of George Holland, pages 67-69). Plaintiffs and Defendant Holland all stated in their depositions that the initial vulgar and lewd comments made by Defendant Holland were loud enough to travel from the grill area, over the counter where the swing manager was located, to the lobby where Plaintiffs were standing while waiting to place their order. (Deposition of George Holland, page 70, Deposition of Jason Parker, pages 25-27, Deposition of Antionette Parker, pages 11-12). Based on these circumstances, a reasonable jury could find that swing manager, Julia Carter, heard or should have heard Defendant Holland's comments.

Notwithstanding hearing the lewd and offensive comments, while Plaintiffs initially arrived at the counter to order food, swing manager, Julia Carter, instructed Defendant Holland to go lock the doors of the restaurant where Mrs. Parker was standing while waiting for her husband. (Deposition of George Holland, page 75, lines 1-10, page 78, lines 18-23). When Julia Carter gave these instructions, she was standing behind the counter which is in front of the grill area facing the lobby area and the doors of the restaurant where Mrs. Parker was located. (Deposition of George Holland, page 75, page 81). By all accounts, the only patrons in the restaurant at this time were Plaintiffs and another male patron. (Deposition of George Holland, page 78, lines 21-22 ). Moreover, there has been no evidence presented to indicate that swing

manager, Julia Carter, was unaware that she instructed Defendant Holland to go to the location where Mrs. Parker was standing. Julia Carter had a clear view of the lobby and the doors, she saw or could have seen Mrs. Parker standing at the doors, and she had knowledge of the incident that occurred earlier between Defendant Holland and Plaintiffs. (Deposition of George Holland, page 81, lines 5-21). Yet, she still instructed Defendant Holland to go lock the doors where Mrs. Parker was standing. (Deposition of George Holland, page 78, lines18-23). Defendant Holland's second attack on Plaintiffs occurred while Defendant Holland was in the act of escorting all remaining patrons out of Defendant Rardin's restaurant and locking the doors to Defendant Rardin's restaurant. (Deposition of George Holland, page 75, lines 1-8, page 78, lines 18-23).

Under the doctrine of *respondeat superior*, an employer may be held liable for the acts of his employees committed within the scope of their employment. Boykins v. District of Columbia, 484 A2d at 561. The Restatement (Second) of Agency, Section 228 (1958) states: (1) Conduct of a servant is within the scope of employment, if, and only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.

In the present instance, Defendant Holland's actions fall within the terms defined under Section 228 (1) of the Restatement (Second) of Agency (1958). Defendant Rardin and Defendant Holland both state that Defendant Holland was an employee of Rardin Enterprises. (Deposition of George Holland, page 21, lines 12-20, Defendant Rardin's Answer to Interrogatory No. 10). Defendants further agree that at the time of the incident Defendant

Holland was working as an employee of Rardin Enterprises, LLC, and he was under the instruction of swing manager, Julia Carter. (Deposition of George Holland, page 78, lines 18-23). In addition to his duties as a cook, Defendant Holland also was asked to preform whatever additional duties assigned to him by the swing manager. (Deposition of George Holland, page 75, lines 1-10). His actions at the time of the incident were within the kind he was employed to perform.

Defendant Rardin acknowledges that Defendant Holland was hired as a Rardin Enterprises, LLC, employee on August 9, 2002. (Deposition of George Holland, page 21, lines 12-20). On the date of the incident, September 14, 2004, Defendant Holland was working a shift that began at approximately 3:00 p.m., and lasted until he was arrested and taken into police custody. (Deposition of George Holland, pages 23-26, page 66-67). Defendant Holland stated in his deposition that the entirety of this incident took place inside Defendant Rardin's McDonald's restaurant. (Deposition of George Holland, pages 23-25). The subject incident occurred within the authorized time and space limits of Defendant Holland's employment with Rardin Enterprises, LLC.

Defendant Holland was standing behind the counter working in the grill area of the restaurant preparing food, behind his manager, when the first round of profane, loud and inappropriate comments were made to Plaintiff, Mrs. Parker. (Deposition of Jason Parker, pages 25-26). When the second round of profane, loud and inappropriate comments were made, Defendant Holland was acting on the instructions of Defendant Rardin's swing manager. (Deposition of George Holland, page 75, lines 1-10). Thus, when the incident took place, Defendant Holland was clearly acting to serve his master and was following the instructions he was given from his swing manager.

Defendant Holland stated in his deposition that the subject incident was not the first occasion in which her verbally assaulted a woman in the presence of co-worker Julia Carter. (Deposition of Defendant Holland, page 98, lines 10-13). He stated that on a previous occasion, he made inappropriate and vulgar comments regarding the physique of a female patron, which was heard by Julia Carter, who reprimanded him for his unprofessional behavior. (Deposition of Defendant Holland, page 98, lines 10-13). On the night of September 15, 2004, Julia Carter again heard Defendant Holland making loud, vulgar comments on the physique of a female patron, but this time she did nothing to stop Defendant Holland's behavior. (Deposition of Jason Parker, page 22, lines 14-22, pages 26-33, pages 35-45; Deposition of Antoinette Parker, page 10, lines 4-6, pages 14-22). She further saw and heard Mr. Parker ask Defendant Holland to stop making comments about his wife and again she did nothing to stop or prevent Defendant Holland's behavior. (Deposition of Jason Parker, page 22, lines 14-22, pages 26-33, pages 35-45; Deposition of Antoinette Parker, page 10, lines 4-6, pages 14-22). Amazingly, she instructed Defendant Holland to lock the doors where Mrs. Parker was standing, thereby placing Defendant Holland in a position to make more inappropriate, vulgar and lewd comments to Mrs. Parker. Defendant Holland availed himself of this opportunity, and once again began making lewd and vulgar comments towards Mrs. Parker loud enough for everyone to hear. (Deposition of George Holland, page 75, lines 1-10; Deposition of Jason Parker pages 44-48). Negligently, Julia Carter did nothing to stop or reprimand these actions of Defendant Holland. (Deposition of Jason Parker, page 22, lines 14-22, pages 26-33, pages 35-45; Deposition of Antoinette Parker, page 10, lines 4-6, pages 14-22). Mr. Parker stated in his deposition that upon hearing Defendant Holland's comments about his wife, he became upset and asked Defendant Holland to stop making comments in his loudest voice possible.

(Deposition of Jason Parker, pages 46-47). Defendant Holland then engaged in a verbal altercation with Mr. Parker, all of this taking place approximately 5-6 feet from the counter where Julia Carter and several other Rardin Enterprises, LLC, employees were located. (Deposition of George Holland pages 78-79 and 82). Incredibly, not a single Rardin Enterprises, LLC, employee did anything to diffuse the situation. The failure on the part of the employees of Defendant Rardin to stop the altercation between Plaintiffs and Defendant Holland allowed Defendant Holland to pull a knife on Plaintiffs. (Deposition of Jason Parker, page 50). While the actions and/or force used by Defendant Holland against Plaintiffs were intentional, a reasonable jury could find that the actions and/or force he used was not unexpected by the master, given Julia Carter's previous knowledge of Defendant Holland's propensity to comment out loud about female customers, Defendant Rardin's prior knowledge of Defendant's Holland's use of cocaine and domestic violence and several Defendant Rardin employees knowledge of Defendant Holland's verbal assault of Mrs. Parker when she initially entered the McDonald's restaurant on the date of the subject incident.

Under the doctrine of *respondeat superior* and the Restatement (Second) of Agency (1958), Defendant Holland was acting as a servant of his master, Defendant Rardin, and his conduct was within the scope of employment, because it was of the kind he is employed to perform; it occurred within the authorized time and space limits; it was actuated by a purpose to serve the master, Defendant Rardin; and the actions and/or force used by Defendant Holland against the Plaintiffs was not unexpected by the master given Defendant Holland's previous conduct both before September 14, 2004 and at the time Plaintiffs initially entered the McDonald's restaurant and approached the counter to place their order. Accordingly, Plaintiff's

have established a prima facie case of vicarious liability therefore, Defendant Rardin's Motion

for Summary Judgment on this issue must be denied.

## C.  Evidence of Negligent Hiring of Defendant Holland

Defendant Rardin is liable to Plaintiffs for Negligent Hiring of Defendant Holland,

because he had a prior criminal record and an outstanding warrant in connection with domestic

violence charges between Defendant Holland and his common law wife prior to being hired.

Defendant Rardin contends that Plaintiffs are required to submit testimony from an expert

witness about the standard for employee hiring in the quick service food industry. However, the

Federal Rules of Evidence 702 states:

> if scientific, technical, or other specialized knowledge will assist the trier of fact to
> understand the evidence or to determine a fact in issue, a witness qualified as an expert by
> knowledge, skill, experience, training, or education, may testify thereto in the form or an
> opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the
> testimony is the product of reliable principles and methods, and (3) the witness has applied
> to the principles and methods reliably to the facts of the case.

Federal Rules of Evidence makes it clear that testimony from a witness qualified as an

expert is only permissible if scientific, technical or other specialized knowledge will assist the trier

of fact in understanding the evidence or determining a fact in issue. However, the trial court

reserves the discretion to exclude expert testimony that, for example, relates to matters of common

sense or everyday knowledge. Scott v. Sears, Roebuck & Co., 789 F2d. 1052, 1055 (4th Cir. 1986).

In this case, the testimony of an expert is not required in assisting the trier of fact in determining

if Defendant Rardin was negligent in hiring Defendant Holland, because this issue is one that can

be determined by the use of common sense.

Defendant Rardin admits it failed to do a background check on Defendant Holland

(Defendant Rardin's Answer to Interrogatory No. 15). Instead, Defendant Rardin simply hired

Defendant Holland on the word of Sulema Atkins, a woman who knew Defendant Holland socially and personally before she hired him to work as an employee of Rardin Enterprise, LLC. (Deposition of George Holland, pages 90-92). Ms. Atkins was a friend of Defendant Holland's family, and by Defendant Holland's own testimony, Ms. Atkins knew about some of his personal problems and wanted to help him improve his situation. (Deposition of George Holland page 92, lines 11-13). These problems included delinquent child support payments, prolonged use of cocaine, domestic violence, assault, and distribution of drugs.

Needless to say, a reasonable jury could infer that Defendant Rardin knew or had reasons to know Defendant Holland had a criminal and violent background and, therefore, should not have put Defendant Holland in a position where he could harm others, like Plaintiffs. Moreover, a reasonable jury could use their common sense and conclude that Defendant Rardin should have done a background check. If such a background check was conducted, it would have revealed a criminal background and an outstanding warrant for domestic violence. In sum, a reasonable jury could conclude that Ms. Atkins' knowledge of Defendant Holland's criminal background and violent past prior to hiring him, coupled with Defendant Rardin's failure to conduct a background check, is sufficient to conclude Defendant Rardin negligently hired Defendant Holland.

Defendant Rardin argues that prior to the incident on September 15, 2004, Defendant Holland had not had any like experiences while working as an employee for Rardin Enterprises, LLC; however, Defendant Holland's deposition testimony indicates otherwise. Defendant Holland stated in his deposition that on at least one prior occasion Julia Carter reprimanded him for making inappropriate comments regarding the physique of a female patron. (Deposition of Defendant Holland, page 98, lines 10-13). No evidence was presented that Defendant Rardin took any

additional steps to ensure a repeat incident did not occur, nor did Defendant Rardin adhere to their own zero tolerance policy regarding harassment.

In addition to the zero tolerance policy regarding sexual harassment, Defendant Rardin's McDonald's Restaurant had a policy regarding Rardin Enterprises, LLC, employees who witnessed discriminatory or harassing behavior. (See attached Defendant Rardin's employee handbook). The policy required that an employee who witnessed harassing or discriminatory behavior from and employee must immediately report the incident to the highest level manager in the restaurant. (See attached Defendant Rardin's employee handbook). Julia Carter, as an employee of Rardin enterprises had an obligation to report the first incident regarding Defendant Holland and the woman he commented on prior to September 14, 2004; however, she failed to do so.

Defendant Rardin had a duty not to hire or employ an individual who posed an unreasonable risk to others. Defendant Rardin breached that duty when it employed Defendant Holland and allowed him to work on or about September 15, 2004. Defendant Rardin knew or should have known that Defendant Holland was struggling with a cocaine use, had harassed another female patron in a manner similar to the subject incident, had an outstanding warrant for domestic violence, and by Defendant Holland's own testimony, had 20-25 encounters with local police officers regarding domestic violence before the subject incident. (Deposition of George Holland, pages 44-45). Based on this evidence, expert testimony regarding the industry standard for hiring employees in the quick service food industry would not be helpful or necessary in assisting the trier of facts. All that is required for a claim for negligent hiring is proof of negligence on the part of the employer itself. Schedter v. Merchants Home Delivery, 892, A2d 415, 431 (D.C. 2006). Under these circumstances, sufficient evidence has been presented for a reasonable trier of fact to conclude that

Defendant Rardin was negligent in hiring Defendant Holland, and therefore, Defendant Rardin's Motion for Summary Judgment on this issue must be denied.

## CONCLUSION

Federal Rule of Civil Procedure 56 states that a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 91 L.Ed. 2d 202, 211, 106 S Ct 2505, 2510(1986) The Court in Anderson explained that a dispute over a material fact is genuine when, upon review of the evidence, a reasonable jury could find for the nonmovant. Id. Based on the arguments presented herein, sufficient evidence exists for a reasonable trier of fact to determine that Defendant Rardin is vicariously liable for Defendant Holland's acts described herein, and is further liable to Plaintiffs for negligently hiring Defendant Holland.

WHEREFORE, Plaintiffs, Antoinette and Jason Parker, respectfully request this Honorable Court enter an order DENYING Defendant Rardin's Motion for Summary Judgment on Counts V, VI, VII, VIII of Plaintiff's Amended Complaint; and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

THOMAS V. MIKE MILLER, JR., P.A.

John P. Valente III (ID #: 22233)
8808 Old Branch Avenue
P.O. Box 219
Clinton, Maryland 20735
(301) 856-3030
Counsel for Plaintiff

## REQUEST FOR HEARING

The Plaintiff respectfully requests a hearing on all matters raised herein.

_____
John P. Valente, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____ day of September, 2007, a copy of the foregoing Opposition to Defendant Rardin's Motion for Summary Judgment was sent by first class mail, postage pre-paid, to: D'Ana E. Johnson, Esq., 1233 20th Street, NW, Suite 800, Washington, DC 20036 (counsel for Defendants)

_____
John P. Valente, III