IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINETTE M. PARKER, et al.          *

      Plaintiffs,                    *

v.                                    *      Civil Action No.: 1:05CV01782

GEORGE E. HOLLAND, et al.

      Defendants.                    *

## DEFENDANT RARDIN MANAGEMENT COMPANY INC.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

COMES NOW, Defendant, RARDIN MANAGEMENT COMPANY, INC., and in response to the Plaintiff's First Set of Interrogatories, respectfully states as follows:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but may include knowledge of the party, its agents, representatives and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

### GENERAL OBJECTIONS

The following General Objections are made and incorporated by reference, as applicable, in Response to each numbered Interrogatory, including parts and subparts, propounded in the Plaintiff's First Set of Interrogatories.

The Defendant objects to the Plaintiff's First Set of Interrogatories as they are overly broad, unduly burdensome, seek information which is irrelevant, outside the scope of permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence and/or they seek information which is protected by the attorney-client privilege, and/or work product doctrine, and/or prepared in anticipation of or as a result of litigation.

**ANSWER:** The only knowledge defendant Rardin is aware of has been supplied by the plaintiff.

8. Please give a concise statement of the facts as to how you contend the incident, which is the subject of the Complaint, took place. If an incident report was completed subsequent to the incident, please attach a copy to your Answers.

**ANSWER:** The only knowledge defendant Rardin is aware of has been supplied by the plaintiff.

9. Please state whether you or your attorney have or know of any photographs, videotapes, plats or diagrams made of the scene of the occurrence, objects or persons involved and, if so, state the date(s) on which same were taken or made. the name and address of the photographer and/or videographer and/or person who made the plats or diagrams, identifying the subject, object or person shown and who has possession of the same. If a videotape of the incident is in existence; please attach a copy of said videotape to your Answers.

**ANSWER:** Photographs of the store both inside and outside were taken by a field investigator for Wausau Insurance Company. Copies will be attached.

10. Please state the names of all employees, agents and/or servants who were working on the premises of the McDonald's Restaurant located at 2228 New York Avenue, Washington, D.C., at approximately 9:30 p.m. on September 15, 2004.

**ANSWER:** George Holland, Julia M. Carter, Swing Manager. Additional information has been requested and will be produced upon receipt. Defendant reserves the right to supplement this Request when and if such information is received.

11. If you contend that the Plaintiffs, or any other person, whether or not a party to this action, was negligent, assumed the risk, or contributed in any way in connection with the

September 15, 2004 incident, please state in detail the facts upon which you rely, including everything that the individual(s) did, or failed to do, which contributed to the happening of the incident.

**ANSWER:  Mr. and Mrs. Parker made a decision to remain at the McDonald's and eat following the first altercation with Mr. Holland.  The defendant contends this was contributory negligence and/or assuming the risk.**

12. If you have within your control, or have knowledge of, any transcripts of proceedings arising out of the occurrence, state the date, subject matter, name and business address of each person having control of any transcripts of such proceedings.

**ANSWER:  The defendant is not aware of any transcripts.**

13. Please state the name and address of any person, not herein mentioned, having personal knowledge of any facts material to this case.

**ANSWER:  None.**

14. Identify each and every document and/or photograph and/or videotape which you referred to in preparation for this trial, whether the document(s) and/or photograph(s) are intended to be used in your defense in this case.

**ANSWER:  The defendant has not made any decision as to what documents and/or photographs they will use for trial.  Defendant reserves the right to supplement this answer.**

15. Please state when Defendant Holland was hired as an employee of the McDonald's restaurant located at 2228 New York Avenue, Washington, D.C., and detail what, if any, actions were taken to investigate the background of Defendant Holland prior to his hiring as an employee of the subject McDonald's restaurant.

**ANSWER:** **Defendant Holland was hired August 9, 2002, following the incident he never returned to work for Rardin Management Company, Inc. A copy of his employment file is being produced. No investigation was conducted prior to his hiring.**

16. If an investigation into the background of Defendant Holland was conducted prior to his hiring, please detail any and all information that was discovered during the course of that investigation.

**ANSWER:** **Not applicable.**

17. Please detail what Defendant Holland's job responsibilities were during the course of his employment with the subject McDonald's restaurant and what, if any, level of supervision there was over Defendant Holland while he was at work.

**ANSWER:** **Defendant Holland was hired for a grill position which involves the cooking of food for customers. Each shift is supervised by a manager.**

18. Please state whether Defendant Holland was entrusted with a nine (9) inch orange handled knife for use during the course of his employment with the subject McDonald's restaurant, and if so, please state the purpose for which he was entrusted with the knife.

**ANSWER:** **Defendant Holland was not entrusted with a knife and has no knowledge how he acquired it.**

19. If Defendant Holland was entrusted with a nine (9) inch orange handled knife for use while at work, please state what, if any, level of supervision there was over the nine (9) inch orange handled knife and the manner in which it was used while it was in Defendant Holland's possession.

**ANSWER:** **Not applicable.**