THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTOINETTE M. PARKER, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:05-cv-01782-DAR |
| | * | |
| GEORGE E. HOLLAND, et al., | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT RARDIN ENTERPRISES' REPLY TO MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, Rardin Enterprises, LLC, and files its Reply to Plaintiffs' Opposition to Motion for Summary Judgment. Counsel for Defendant did not receive electronic notification of the Plaintiffs' Opposition and learned about it from a telephone message from Plaintiff's Counsel on or about September 24, 2007. For this reason, Defendant files a late Reply.[1]

Plaintiffs' statement of Disputed Facts includes inaccurate portrayals of deposition testimony of the witnesses as set forth below.

Plaintiffs are incorrect in their Opposition when they assert Mr. Holland returned to work at Rardin Enterprises LLC after this incident. The restaurant was sold in December 2004, and was owned by another owner/operator by the time Mr. Holland returned to work. (Ex. C to

---

[1] Plaintiffs' Opposition to Motion for Summary Judgment was filed on September 17, 2007, 19 days after Defendant's Motion for Summary Judgment was filed, making it outside the 11 days allotted for response. (LcvR7(b)) Therefore, Defendant has filed a Motion to Strike Plaintiff's Opposition as Untimely. In an abundance of caution, if the Court denies Defendant's Motion to Strike, Defendant files this Reply with the accompanying Motion for Leave to File Late Reply due to untimely notification.

Defendant's Motion for Summary Judgment at 7, ll 2-7; 66, ll. 1-11.)  Therefore, whether Mr. Holland returned to work cannot be considered against Rardin Enterprises, LLC.

### A. Summary Judgment Should be Granted on the Issue of Vicarious Liability

Plaintiffs' Opposition conflates the torts of vicarious liability and negligent supervision with regard to whether the restaurant is liable for the alleged actions of Mr. Holland.  They are two separate and distinct torts.  In regard to Plaintiff's argument that Mr. Holland "verbally assaulted" Antoinette Parker while in the service of his master (at the grill and then later at the doors of the restaurant) and engaged in a verbal altercation with Mr. Parker the "verbal assault" Plaintiffs refer to is not an actionable tort.  Further, Plaintiffs' Amended Complaint only refers to the alleged attack on the Parkers by Mr. Holland with a knife. (Amended Complaint ¶24.) Therefore, to claim that because he was making these statements while on the job, he was "in the service of his master," and therefore Rardin Enterprises is responsible for his actions ignores the fact that the assault claim is for the actions of Mr. Holland with the knife.  Moreover, Plaintiffs tacitly acknowledge that Mr. Holland's alleged actions with the knife are not within the scope of his employment because they do not address this in their Opposition.  Rather they rely solely on the "vulgar" comments he made to Mrs. Parker. (See Opposition Brief pp. 11-12.)  The D.C. Court of Appeals has stated "[t]he employer will not be held liable for those willful acts, intended by the agent only to further his own interest, not done for the employer at all." *Schecter v. Merchants Home Delivery, Inc.*, 892 A.2d 415, 428 (D.C. 2006) citations omitted.  "The key inquiry is the employee's intent at the moment the tort occurred." *Majano v. U.S.*, 469 F.3d 138, 142 (C.A. D.C. 2006).  While Mr. Holland may have been from behind the counter to hold the door open for customers which led to the encounter with the Parkers, his alleged actions of vulgar comments about Mrs. Parker's appearance and brandishing a knife at Plaintiffs were

strictly to further his own interest, and not done for the employer at all. As the Court of Appeals held in *Jordan v. Medley*, 711 F.2d 211, 216 (C. A. DC 1983), "the outrageous quality of an employe's (sic) act may well be persuasive in considering whether his motivation was purely personal." *Id.* (citations omitted.) Certainly Plaintiffs have characterized Mr. Holland's actions as outrageous and they were strictly to further his own personal ends.

    B.    <u>**There is no Evidence of Negligent Hiring..**</u>

In Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, they change their allegations with regard to negligent hiring. While they initially argued Rardin Enterprises was negligent for not performing a background check on Mr. Holland, they now argue that simply because Mr. Holland struggled with drugs and had been arrested for domestic incidents, Rardin Enterprises was negligent in hiring him. They further argue that knowledge of Mr. Holland's prior history should be imputed to Rardin Enterprises LLC because Mr. Holland was hired in 2002, two years before this incident, by then manager Sulema Atkins. Mr. Holland testified that Ms. Atkins was a family friend. (Deposition of George Holland, at 91, l.1-4, Attached hereto as Exhibit A.) However, Ms. Atkins is now deceased. (Deposition David Rardin at 21 ll.12-18, Attached hereto as Exhibit B.) Mr. Holland testified that while she knew of his struggles with cocaine, Ms. Atkins would not have known of his arrests. (Ex. A at.91, ll. 8-11.) There was no testimony whatsoever that Ms. Atkins "knew or should have known" about Mr. Holland's altercations with his wife before his hiring at the restaurant in 2002. Steven Reese, director of operations for Rardin Enterprises, Julia Carter, manager on duty, and David Rardin each testified they were not involved in hiring Mr. Holland. (Deposition of Steven Reese, at 8, ll. 11-17, attached hereto as Exhibit C; Ex. B at 19, ll. 22-25; Deposition of Julia Carter at 6, ll. 21-23, attached hereto as Exhibit D.) To argue what Ms. Atkins might or might not have known in

2002 is simply conjecture and speculation and cannot be supported by the evidence in this matter.

As the Restatement of Agency, § 213(d) states in relevant part:

> One who employs another to act for him is not liable under the rule stated in this Section merely because the one employed is incompetent, vicious, or careless. *If liability results it is because, under the circumstances, the employer has not taken the care which a prudent man would take in selecting the person for the business in hand. What precautions must be taken depend on the situation.* One may normally assume that another who offers to perform simple work is competent. If, however, the work is likely to subject third persons to serious risk of great harm, there is a special duty of investigation.
> Liability results under the rule stated in this Section, not because of the relationship between the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment.

Restatement of Agency §213(d) (emphasis added.)

Because the Plaintiffs cannot present any evidence that the actions taken by Defendant Rardin Enterprises in hiring Mr. Holland are outside the norm or violated the standard for hiring employees in the quick service industry, or that Rardin Enterprises knew of Mr. Holland's arrests for domestic violence, there is no admissible evidence that Defendants violated an industry standard by not performing a background check, or were negligent in hiring him.

## **CONCLUSION**

Plaintiffs' Opposition cannot defeat the essential argument that Defendant George Holland was acting outside the scope of his employment when he allegedly assaulted the Parkers and that there is no evidence Rardin Enterprises was negligent in hiring Mr. Holland.

WHEREFORE, Defendant Rardin Enterprises, LLC respectfully requests this Honorable Court enter an Order granting Partial Summary Judgment in favor of Rardin Enterprises, LLC, on Counts V, VI, VII, and VIII of Plaintiff's Amended Complaint.

179418-1

Dated this 1st Day of October, 2007.

                                      Respectfully Submitted,

                                      _____/s/ D'Ana E. Johnson_____
D'Ana E. Johnson, Esquire (  #927913)
1233 20th Street, NW, Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)
**Counsel for Defendants Rardin Enterprises, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Reply to Motion for Summarry Judgment, was sent this 1st Day of October, 2007, via electronic filing and U.S. Mail, postage pre-paid, to:

John P. Valente, III
8808 Old Branch Avenue
P.O. Box 219
Clinton, Maryland 20735

                                      /s/ D'Ana E. Johnson
                                    D'Ana E. Johnson (#927913)

179418-1