THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTOINETTE M. PARKER, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:05-cv-01782-DAR |
| GEORGE E. HOLLAND, et al., | * | |
| Defendants. | * | |

## DEFENDANT RARDIN ENTERPRISES LLC'S PRETRIAL STATEMENT

In accordance with LCvR 16.5 Defendant Rardin Enterprises, LLC (hereinafter referred to as 'Rardin Enterprises") by and through its counsel and Bonner Kiernan Trebach & Crociata, LLP hereby submit the following Joint Pretrial Statement and states as follows:

I.      **Statement of the Case**

The Plaintiffs, Jason Parker and his wife Antoinette Parker, seek damages for emotional distress and mental anguish as the result of an incident that allegedly occurred on September 15, 2004 at approximately 9:30 p.m. at a McDonald's restaurant located at 2228 New York Avenue, in the District of Columbia. Plaintiffs claim that Defendant Holland, an employee of Rardin Enterprises, leered at Mrs. Parker and made rude comments. Subsequently Plaintiffs contend that Mr. Holland accosted them and brandished a knife. Plaintiffs sustained no physical injury during the encounter.

Defendant Rardin Enterprises LLC owned and operated the restaurant at the time of the incident. It denies that Mr. Holland made loud comments about Mrs. Parker and further denies that Holland brandished a knife. This is supported by restaurant employees.

II.  **Statement of Claims Made by the Plaintiff**

Plaintiffs maintain that Defendant Rardin is liable for the actions of Mr. Holland on the doctrine of *respondeat superior*. In addition, they contend that Defendant Rardin failed to exercise reasonable care in hiring Mr. Holland. They additionally contend that Mr. Holland was negligently supervised by managerial staff on September 15, 2004 and that the failure to supervise Mr. Holland was the proximate cause of their alleged injuries.

Plaintiffs claim Mr. Holland is liable for assault.

Plaintiffs maintain that each has suffered serious emotional distress and mental anguish requiring medical treatment.

III.  **Statement of Defendant's Defenses**

Rardin Enterprises denies all contentions of negligence on its part. Defendant Rardin Enterprises further asserts that it employed reasonable business practices in making the decision to hire Mr. Holland and that thereafter, Mr. Holland was employed at the location for a number of years without incident or other notification that his conduct might become dangerous to others. It further urges that managerial staff acted promptly and reasonably in supervising Mr. Holland prior to and in connection with the altercation that took place between Mr. Holland and Mr. Parker. Furthermore, Rardin maintains that Mr. Parker instigated the physical confrontation when he threatened and assaulted Mr. Holland. As the result of his own conduct in precipitating the confrontation, Mr. Parker assumed the risk of any physical response from Mr. Holland.

Rardin Enterprises additionally asserts that Mr. Holland acted outside the scope of his employment when he responded to the confrontation and more significantly, that Mr. Holland fully understood and knew that any physical confrontation with a customer was outside the scope of his employment and would result in termination.

Additionally, Rardin Enterprises denies that it was negligent in the supervision of Mr. Holland on September 15, 2004, at the time of the alleged events or that any failure of supervision was the proximate cause of any injuries to the Plaintiffs.

Rardin Enterprises denies that Plaintiffs were injured in the manner and to the extent alleged or that they sustained any permanent or lasting injury as a result of the alleged incident.

**IV.     Schedule of witnesses to be called by Defendant Rardin Enterprises LLC**

   **A.     Witnesses to be called by Defendants at trial**

| Name & Address | Time | Testimony To Be Elicited |
| --- | --- | --- |
| David Rardin | 30 minutes | Mr. Rardin will be called by Defendant Rardin Enterprises LLC to provide a background of the restaurant policies and procedures including hiring, discipline and discharge. Mr. Rardin will also testify with regard to the location of the restaurant and his position within the organization. |
| Julia Carter | 1 hour | Ms. Carter may be called to provide testimony about the day to day workings of the restaurant. She will also provide testimony regarding her prior experiences with Mr. Holland before the evening of the incident and will also testify about her recollection of the events on the evening of the incident. |
| George Holland | 1 hour | Mr. Holland may be called to testify regarding his employment with Defendant Rardin Enterprises and the events on the evening of the incident. |
| Michael White | 15 minutes | Detective White may be called to testify that in the course of his investigation he never found a knife on Mr. Holland or at the restaurant. |
| Bruce Smoller, M.D. (Expert Witness – | 1 hour | Dr, Smoller is a Board Certified neuopsychiatrist.  Dr. Smoller is |

179415-2

| Name & Address | Time | Testimony To Be Elicited |
|---|---|---|
| neuropsychiatrist) | | expected to testify based on his examination and testing of Mrs. Parker, his review of Ms. Parker's counseling records and other medical records. Dr. Smoller's testimony is based on his knowledge, experience and education as well as his review of Mrs. Parker's medical records and his personal independent medical evaluation. He may also testify about any amendments or addenda to his report(s). Dr. Smoller may also testify regarding any and all records, bills, and any examination and treatment of the Plaintiff including, but not limited to, the medical necessity and reasonableness of Plaintiff's medical treatment, the cause of Plaintiff's claimed injuries, and Plaintiff's alleged limitations and functional restrictions. |

  B. Defendant Rardin Enterprises further reserves the right to call the Plaintiffs and Plaintiffs' treating social worker as witnesses in Defendant's Case.

  C. Defendant Rardin Enterprises further reserves the right to call as witnesses any individuals identified as witnesses in any other party's Pretrial Statement.

  D. Defendant Rardin Enterprises further reserves the right to supplement this Witness List upon reasonable notice to the other parties.

**II. Exhibits to be Offered in Evidence by the Defendant Rardin Enterprises**

  A. Rardin Enterprises Policies and Procedures

  B. George Holland's personnel file

  C. Curriculum Vitae of Bruce Smoller, M.D.

  D. Counseling records Yona Joseph, L.C.S.W.

E. Defendant Rardin Enterprises reserves the right to introduce at trial any and all of Plaintiff Antoinette Parker's medical records obtained during discovery.

F. Defendant Rardin Enterprises reserves the right to introduce at trial any documents, records, or tangible things identified as exhibits by the other parties, not objected to by Defendant Rardin Enterprises at the time of its introduction.

G. Defendant Rardin Enterprises reserves the right to supplement this Exhibit List upon reasonable notice to the other parties.

H. Defendant reserves the right to introduce additional exhibits for the purposes of impeachment.

### III. Designation of Depositions to be offered in evidence by Defendant Rardin Enterprises

Defendant Rardin Enterprises reserves the right to offer the deposition testimony of any of the various witnesses deposed should the witness become unavailable, or by consent of the parties to the presentation of the testimony. Defendant Rardin Enterprises further intends to use the transcripts of all depositions taken in this action for purposes of rebuttal and/or impeachment.

The following depositions, or portions thereof, may be offered at trial:

a. **Michael White**

b. **George Holland**

c. **Jason Parker**

d. **Antoinette Parker**

e. **David Rardin**

f. **Julia Carter**

IV.  **Itemization of Damages**

Defendant has received no invoices of medical bills; however, acknowledge the testimony of a psychologist who provided treatment to Plaintiffs.

VII. **Requested Relief Sought by Defendant**

Defendant Rardin has moved the court for judgment on those counts of the Amended Complaint that allege liability based upon *respondeat superior* and Negligent Hiring. It seeks dismissal or judgment of all counts in its favor with prejudice and reasonable costs.

    Respectfully submitted,

    **BONNER KIERNAN TREBACH & CROCIATA, LLP**


    */s/ D'Ana E. Johnson*
    D'Ana E. Johnson  #927913
    1233 20th Street, N.W.
    Suite 800
    Washington, D.C. 20036
    (202) 712-7000
    Attorneys for Defendant
    Rardin Enterprises LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendant Rardin Enterprises Pretrial Statement was served electronically this 2nd day of October, 2007, upon:

John P. Valente, III
8808 Old Branch Avenue
P.O. Box 219
Clinton, Maryland 20735

*/s/ D'Ana E. Johnson*
D'Ana E. Johnson

179415-2